People v Suckoo (2025 NY Slip Op 01396)

People v Suckoo

2025 NY Slip Op 01396

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-02116
 (Ind. No. 655/19)

[*1]The People of the State of New York, respondent,
v
Keanu Suckoo, appellant.

Patricia Pazner, New York, NY (Maisha Kamal of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Kenneth Koo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered October 25, 2021, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Carranza, 216 AD3d 814, 814 [internal quotation marks omitted]; see People v Rudolph, 21 NY3d 497, 501). "Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record" (People v Kimble, 228 AD3d 886, 886 [internal quotation marks omitted]). Here, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see id.; People v Carranza, 216 AD3d at 815). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Further, upon determination of the defendant's youthful offender status and resentencing, the Supreme Court must reconsider the imposition of mandatory surcharges and fees (see People v Carranza, 216 AD3d at 815; People v Dyshawn B., 196 AD3d 638, 641).
In light of our determination, we need not reach the defendant's remaining contention.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court